Swetitsch v. Waskow.

v.

FREDERICK WASKOW AND CAROLINE WASKOW.

*Forcible Detainer—Parties—Misjoinder—Clauses 4 and 5, Sec. 2, Chap. 57, R. S.—Contract.*

1. The action of forcible detainer can be maintained only on statutory grounds and with such proceedings as the statute prescribes.

2. If, in such action, it is sought to take advantage of Clause 4, Sec. 2, Chap. 57, R. S., the reversioner, or person entitled to possession, and none other, should bring the suit, and if of clause 5 of the same section, a demand in writing for possession must be made before an action can be brought.

3. A contract of sale from several persons can not be looked upon as an admission on the part of the purchaser of title in them, unless he obtained possession thereunder.

4. Where the defendant is in possession under a tenant whose lease runs from one lessor, the bringing of suit in the names of several amounts to a misjoinder.

### [Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Messrs. Rubens & Mott, for appellant.

Mr. Emery S. Walker, for appellees.

GARNETT, J.   This was an action of forcible detainer, by appellees against appellant, to recover possession of a lot which appellees agreed to sell to appellant. The contract of sale is set out in substance in the opinion this day filed in another case, entitled Swetitsch v. Waskow et al.

When the contract was made, the premises were in possession of one Gruenfeld, under a lease made to him by Frederick Waskow alone. The term expired November 15, 1886. After the contract was made the lessor collected the monthly rent and paid it to Swetitsch in pursuance of the terms of the contract until August 17, 1886, at which date, Swetitsch, without the knowledge and consent of the Waskows, purchased Gruenfeld's business, and took possession of the premises. Swetitsch paid in cash the $700 required by the contract, but the Waskows were unable to procure a release of the mortgage or trust deed on the premises, and thereby were disabled from performing their part of the contract.

The action can be maintained only on statutory grounds, and with such proceedings as the statute prescribes. If it is sought to take advantage of Clause 4, Sec. 2, Chap. 57, R. S., the reversioner or person entitled to the possession, and none other, should have been the plaintiff. Harms v. McCormick, 22 N. E. Rep. 511.

Frederick Waskow was the sole lessor of Gruenfeld, and no evidence was given of any title in Caroline Waskow. It is true that Swetitsch received from appellees, jointly, a contract to convey to him the lot, and while that may be taken as an

assertion of title in themselves, jointly, by the appellees, it can not be imputed to appellant as an admission of title in them, except when he obtains possession *under the contract.* If, therefore, the action is against him, as a person holding *under the tenant*, the joint right of recovery has not been made to appear, and the fifth assignment of error, setting up misjoinder of plaintiffs, is well taken.

But, supposing the action is brought on Clause 5, of Sec. 2, another difficulty is encountered. Before action on that clause, there must be a demand in writing made upon the vendee by the person entitled to the possession. There was no evidence of a demand, and therefore no cause of action on that clause was made out.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*